Opinion filed March 22, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00370-CV 

                                                     __________

 

                                IN
THE INTEREST OF C.S., A CHILD

 

 



 

                                          On
Appeal from the 20th District Court

 

                                                          Milam County, Texas

 

                                                 Trial
Court Cause No. AD00022

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








Appellant, Rebecca Smith, is the biological mother
of C.S., a child.  Appellees, Alicia
Smith and Horace Smith, filed an action seeking to terminate the parental
rights of C.S.=s
biological parents.  Appellees also
sought an order permitting them to adopt C.S. 
C.S.=s
biological father, Gerry Wayne Smith, filed an affidavit wherein he voluntarily
relinquished his parental rights.[1]  Appellant filed an answer wherein she made
the following request: AAt
this time, I am requesting a court appointed Attorney to protect the best
interest for [C.S.], my daughter and Rebecca Smith her biological mother.@ 
The record reflects that the case proceeded to trial without appellant=s participation.  The trial court entered an order that
terminated the parental rights of appellant and Gerry Wayne Smith and granted
appellees= request
to adopt C.S.  In her sole issue on appeal,
appellant contends that the trial court erred in denying her request for
appointed counsel.  We affirm.

                                                                        Analysis

We note at the outset that appellant is
prosecuting this appeal pro se.  We
further note that there is no constitutional right to appointed counsel in
every parental termination proceeding. Lassiter v. Dep=t of Soc. Servs., 452 U.S. 18, 27-32
(1981).  Rather, an indigent parent=s constitutional right to counsel under
the Fourteenth Amendment=s
Due Process Clause must be made on a case-by-case basis. Id.

Appellant asserts that the trial court had a
mandatory duty to appoint counsel for her under Tex. Fam. Code Ann. '
107.13(a)(1) (Vernon
Supp. 2006).  This section provides as
follows:

(a) In a suit filed by a governmental entity
in which termination of the parent-child relationship is requested, the court
shall appoint an attorney ad litem to represent the interests of:

 

(1) an indigent parent of the child who responds
in opposition to the termination (emphasis added).

 

By its express terms, this statute does not apply to this appeal
because the termination suit was not filed by a governmental entity.  Instead, Tex.
Fam. Code Ann. '
107.021 (Vernon Supp. 2006) governs this appeal.

Section 107.021 provides for the appointment of
counsel in suits seeking the termination of the parent-child relationship that
are not filed by a governmental entity. 
However, the statute speaks to the appointment of an amicus attorney, an
attorney ad litem, or a guardian ad litem. In determining whether to make an
appointment under this section, the court is directed to give due consideration
to the ability of the parties to pay reasonable fees to the appointee and to
balance the child=s
interests against the costs to the parties that would result from an
appointment.  








A trial court abuses its discretion if it acts
without reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
When reviewing matters committed to a trial court=s
discretion, an appellate court may not substitute its own judgment for the
trial court=s
judgment.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex.
1992).  Nor may a reviewing court set
aside the trial court=s
determination unless it is clear from the record that the trial court could
only reach one decision.  Id. at
840. We conclude that the trial court did not abuse its discretion by not
granting appellant=s request
for appointed counsel.  The record
reflects that appellant simply furnished the court with a written request for
appointed counsel.  She did not claim to
be indigent in her request, and she did not submit any proof with respect to
her ability to pay reasonable fees to the appointee.  Appellant=s
sole issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 22, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Gerry Wayne Smith is not a party to this appeal.